MOBILE SAVINGS BANK *v.* BOARD OF SUP'RS OKTIBBEHA CO.

*(District Court, N. D. Mississippi, E. D.*    April Term, 1885.)

1. MUNICIPAL BONDS—COUNTY BONDS IRREGULARLY ISSUED—BONA FIDE HOLDER.
   Where the authority of a county to make subscription and issue bonds in aid of a railroad company is given by statute, and the bonds are issued and put in circulation, and come into the hands of a *bona fide* purchaser without notice that all the steps have not been taken as required, such holder will not be affected by any failure in making the subscription, or in the delivery of the certificate of subscription; the bonds reciting that they are issued in pursuance of the constitution and laws of the state.

2. SAME—INTEREST—REQUIREMENTS OF STATUTE.
   Where the rate of interest which bonds bear does not exceed that provided by the statute authorizing the issuance of the bonds, though the time of payment may vary from that provided in the statute, yet the bonds will be held valid.

3. SAME—BONDS TAKEN IN PAYMENT OF PRE-EXISTING DEBT.
   The fact that bonds were taken in payment of a pre-existing debt renders the holder thereof none the less a *bona fide* holder for value.

4. SAME—BONDS ISSUED ON CONDITION—KNOWLEDGE OF HOLDER.
   Knowledge on the part of the holder of bonds and coupons at the time of their reception that it was agreed between the railroad company and the county that the bonds should become null and void if used for any other purpose than the construction of a branch road between certain points in the county, and that the bonds and coupons were used for a different purpose than that agreed upon, will defeat a recovery by such holder in an action on such bonds.

5. SAME—ELECTION—MISSISSIPPI CONSTITUTION.
   Where two-thirds of those voting at an election vote in favor of the issuance of county bonds in aid of a railroad, such bonds may be lawfully issued, although two-thirds of the registered voters of the county have not voted for such issue. *Carrol Co.* v. *Smith,* 111 U. S. 526, S. C. 4 Sup. Ct. Rep. 539, followed.

6. SAME—CONSTRUCTION OF STATUTE BY STATE COURT.
   Where the subscription for capital stock and the issuance of bonds was authorized by the voters of the county, no subsequent construction of the constitution by the supreme court of the state can annul the authority thus given.

7. SAME—PLEADING WANT OF CONSIDERATION.
   A plea averring that bonds in suit were issued without any consideration valid in law, and are null and void, as plaintiff well knew when he received them, and that the consideration therefor had failed; but failing to aver any facts constituting such failure,—is insufficient.

Demurrer to Special Pleas.

*E. L. Russell, B. B. Boone,* and *A. J. Russell,* for plaintiff.

*Butler & Carroll* and *Muldrow, Nash & Alexander,* for defendant.

HILL, J.    The questions now presented arise upon plaintiff's demurrer to defendant's amended special pleas.

The first of said pleas in substance alleges that the alleged election authorizing subscription for capital stock in the Mobile & Ohio Railroad Company, and the issuance of bonds in payment thereof, and the act of the legislature authorizing the same, required that when an election should have been held, and a majority of two-thirds of the voters should have legally assented thereto, that the president of the board of supervisors should subscribe for $125,000 of the capital stock, and a certificate of the same should be given to the county.

The plea avers that no subscription of capital stock was made, and a certificate thereof delivered, as required by said act of the legislature, and that when the plaintiff received said bonds with coupons attached, it well knew that the same had not been done, and that said county of Oktibbeha had never, by voting in the stockholders' meetings, and by levying a tax to pay said bonds and coupons, or otherwise, ratified the issuance of the same; all of which was at the time the plaintiff received said bonds and coupons sued upon well known to plaintiff.

The consideration for the bonds and coupons, as recited upon the face of the bonds, was the payment for capital stock in the Mobile & Ohio Railroad Company, and this subscription of stock should have preceded the issuance of the bonds and coupons. A suit by the railroad company upon the bonds, while in their possession, would have been defeated without the issuance of the capital stock, the issuance of which was a duty imposed upon the company. The law imposed upon the president of the board of supervisors the duty of subscribing for the capital stock, when duly authorized by the voters of the county, and vested him with no discretion to subscribe or not to subscribe for the same, and a tender of the certificate of capital stock to the president of the board would have entitled the railroad company to demand the execution and delivery of the bonds.

The plea avers that the plaintiff had knowledge that the law under which the bonds are claimed to have been issued, required as a condition precedent the issuance of the stock. It is certainly true that the plaintiff is charged with a knowledge of the law of the land, under which the bonds were issued, but where the authority to make the subscription and issue the bonds is given by statute, and the bonds are issued and put in circulation, and come into the hands of a *bona fide* purchaser without notice that all the steps have not been taken as required, such holder will not be affected by any failure in making the subscription, or in the delivery of the certificate of subscription; the bonds reciting, as those sued upon in this cause do, that the bonds are issued in pursuance to the constitution and laws of the state. The declaration avers that the plaintiff is a *bona fide* holder, for value, of the bonds and coupons sued upon, which negatives knowledge of any imperfection in the bonds sued upon. To make this plea good, it must aver knowledge by the plaintiff, at the time the bonds were received, that the subscription for capital stock and a certificate therefor had not been made, and for want of this averment the demurrer to this plea must be sustained. *Hotchkiss* v. *National Banks*, 21 Wall. 354.

The second plea makes the same averment as the first, with the addition that plaintiff, when the bonds were received had knowledge that the subscription for capital stock, and issuance of a certificate for the same, had not been made; which constitutes this plea a valid defense to the action, and therefore the demurrer thereto will be overruled.

The third plea in substance avers that the statute of the state, un-.

der which the bonds and coupons are claimed to have been authorized, provided that the bonds should bear 7 per cent. interest, payable anually, whereas the bonds sued upon bear 7 per cent. interest, payable semi-annually, which it is averred renders them null and void upon their face. The supreme court of the United States has repeatedly held that when the rate of interest does not exceed that provided by the statute authorizing the issuance of the bonds, though the time of payment may vary from that provided in the statute, yet the bonds will be held valid. See *Commissioners* v. *Clark*, 94 U. S. 278; *Myers* v. *City of Muscatine*, 1 Wall. 384. Therefore this plea does not present a sufficient defense to the action, and the demurrer thereto must be sustained.

The fourth plea avers that the original order, contract, and agreement between the Mobile & Ohio Railroad Company and the county of Oktibbeha, was that the said bonds and coupons should not be delivered to said railroad company until said company should execute and deliver to said county its obligation to use said bonds and coupons exclusively in the construction of a branch road from Artesia west by way of Starkville, and for no other purpose, and if used for any other purpose that said bonds and coupons should become null and void; and that said railroad company, in violation thereof, used a large number of said bonds, including those sued upon, for other purposes than the construction of said railroad, and that those sued upon were received by plaintiff in payment of a pre-existing debt. The fact that the bonds were taken in payment of a pre-existing debt renders the plaintiff none the less a *bona fide* holder for value, is the established doctrine of all the federal courts. *Swift* v. *Tyson*, 16 Pet. 1; *Oates* v. *National Bank*, 100 U. S. 239; *Wood* v. *Seitzinger*, 2 Fed. Rep. 843; S. C. 14 Amer. Rev. 503, and note by Mr. Riddle; Jones, Pledges, note to section 110. The plea further avers that the plaintiff, at the time of the reception of said bonds and coupons, well knew that the order, contract, and agreement made and entered into between the Mobile & Ohio Railroad Company and the county of Oktibbeha, was that said bonds and coupons should become null and void if used for any other purpose than the construction of said branch railroad, and at that time knew that the bonds with the coupons sued upon were used for a different purpose than that agreed upon by said contract. The plea would have been more complete had it averred that said obligation was not executed, and that plaintiff then had knowledge of that fact; but I am of opinion that it does set up a sufficient defense to the action, and that the demurrer must be overruled as to this plea.

The fifth plea avers that the board of supervisors of Oktibbeha county had no power, authority, or jurisdiction, to issue the bonds and coupons sued upon, and that they are null and void. I am of opinion that this plea does set up a defense to plaintiff's action; therefore the demurrer to this plea must be overruled.

The sixth plea in substance avers that before the bonds and coupons sued upon were issued and delivered to the Mobile & Ohio Railroad Company, and before the same were delivered to plaintiff, or any rights therein had accrued either to said company or to plaintiff, the supreme court of this state had construed the meaning of the constitution of the state, requiring two-thirds of the voters of the county to vote subscriptions to the capital stock of railroad companies, to mean that two-thirds of the registered voters of the county should vote therefor; and further avers that there were then 2,700 qualified voters in the county, and that only 950 votes were cast in said election, and of that number 750 voted for, and 250, or thereabouts, voted against, said subscription; and that less than the required two-thirds of the voters at said election voted for said subscription, and therefore said bonds and coupons are null and void, and that both said railroad company and plaintiff, at the time they received the same, well knew all these facts.

The plea fails to aver the time when said bonds and coupons were issued and delivered to said railroad company, or when they were received by plaintiff. The plea does not deny that the election was held at the time averred in the declaration, and recited on the face of the bonds. The substantial contract between the railroad company and the county was made by the election authorizing the subscription and issuance of the bonds. The statute required the president of the board to perform the clerical and manual act of subscribing for the stock on the books of the company and issuing the bonds, provided the requisite number of voters of the county voted in favor of the same. The president of the board, the authority of the voters having been ascertained, had no discretion under the law to make or to refuse to make the subscription and issue the bonds. The supreme court of the United States in *Carroll Co.* v. *Smith*, 111 U. S. 556, S. C. 4 Sup. Ct. Rep. 539, decided that the true construction to be given to said provision in the constitution, was two-thirds of those voting in said election, and not two-thirds of the qualified and registered voters of the county. The number of votes cast in said election, as shown by the plea, was more than two-thirds of those voting in said election. The subscription for capital stock and the issuance of the bonds was authorized by the voters of the county, and no subsequent construction of the constitution by the supreme court of the state could annul the authority thus given. Aside from this, the bonds show upon their face that they were issued on the first day of July, 1873, and the court judicially knows that the case of *Hawkins* v. *Carroll Co.* 50 Miss. 735, in which the construction given to the constitution of the state is invoked in the plea, was not rendered until the October term of that court in 1874. To render the plea a good defense, it must give the date upon which the bonds and coupons were delivered to, and received by, the railroad company and the plaintiff, which is not stated in the plea, so as to enable the court to deter-

mine the question from the face of the plea. For this defect, if for no other, the plea does not set up a sufficient defense to the action, and the demurrer, therefore, must be sustained.

The seventh plea in substance avers that the bonds sued upon were issued without any consideration, valid in law, and are null and void, and that plaintiff, when the same were received, well knew that fact, and that the consideration therefor had failed. But the plea fails to aver any facts constituting such failure, and for this reason this plea does not set up a sufficient defense to plaintiff's action, and the demurrer thereto must be sustained. Code Miss. §§ 1536, 1546; *Mobile Sav. Bank* v. *Oktibbeha Co.* 22 FED. REP. 580.

The eighth plea avers that the bonds and coupons sued upon were issued and delivered to the Mobile & Ohio Railroad Company upon the express condition that said company would issue and deliver to the county of Oktibbeha certificates of capital stock in said company, and for the further consideration that said railroad company would build a road from Artesia west, by way of Starkville, extending 30 miles, and that said railroad company had refused and failed to issue and deliver said certificates of stock in said railroad company, and had failed and refused to build said railroad from Artesia, by way of Starkville, for the distance of 30 miles, and that, therefore, the consideration for which said bonds were issued had wholly failed, and that said bonds and coupons are null and void. The plea further avers that plaintiff, at the time that said bonds and coupons were received by it, well knew the conditions upon which they were issued and delivered, and that said certificates of capital stock had not been issued and delivered, and that said railroad had not been built. It is insisted that this plea is double, and that the demurrer should for that reason be sustained thereto. The plea only sets up, as a matter of defense, a failure of consideration in not issuing and delivering stock, and in failing to build the road, and notice on the part of the plaintiff. This objection to the plea is not well taken. The plea sets up a sufficient defense to the action, therefore the demurrer to this plea must be overruled.